UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE UNITE HERE NATIONAL
HEALTH FUND and TRUSTEES OF THE UNITE
HERE NATIONAL RETIREMENT FUND,

                         Plaintiffs,

                - *against* -

AMERICAN WIPER AND SUPPLY CO., A
DIVISION OF ABCON ENTERPRISES INC.,

                         Defendant.

09 Civ. 3143 (PGG)(LMS)

**REPORT AND**
**RECOMMENDATION**

---

**TO: THE HONORABLE PAUL G. GARDEPHE, U.S.D.J.**

Plaintiffs Trustees of the Unite Here National Health Fund ("Health Fund") and Trustees of the Unite Here National Retirement Fund ("Retirement Fund") (collectively, "Trustees") bring this action against Defendant American Wiper and Supply Co. ("American Wiper") to recover delinquent contributions due owing to the Health and Retirement Funds. Trustees filed their Complaint on April 1, 2009, Docket # 1, and on November 19, 2009, a default was entered against American Wiper. Docket # 12. The case was referred to the undersigned for an inquest on damages. Docket #'s 11-12. For the reasons that follow, I conclude, and respectfully recommend that Your Honor should conclude, that a judgment should be entered against American Wiper awarding damages as calculated below.

## BACKGROUND

Health Fund is an "employee welfare benefit plan" as defined in Section 3(1) of the Employee Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(1). Compl. ¶ 4. Retirement Fund is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. §1002(2). Id. ¶ 5. Trustees are fiduciaries as defined in Section 3(21) of

ERISA, 29 U.S.C. §1002(21). Id. ¶¶ 4-5. Trustees commenced this action, alleging violations of a collective bargaining agreement and Section 515 of ERISA, 29 U.S.C. § 1145. Id. ¶ 1.[1] American Wiper, a Wisconsin corporation, entered into a series of collective bargaining agreements with the Chicago & Midwest Regional Joint Board and Local No. 3008, pursuant to which contributions were to be paid monthly by American Wiper to the Health and Retirement Funds. Id. ¶¶ 6-7.

The Complaint alleges that American Wiper failed to make contributions to the Health Fund for the period of October, 2007, through and including February, 2009, and that American Wiper is thus liable to the Health Fund for $15,082.74. Id. ¶ 9. The Complaint further alleges that American Wiper failed to make contributions to the Retirement Fund for the period of April 1, 2008, through and including April 30, 2008, and August, 2008, through and including February, 2009, and that American Wiper is thus liable to the Retirement Fund for $346.80. Id. ¶ 12. The Complaint also seeks interest on the amounts owed to the Health and Retirement Funds, as well as liquidated damages and attorneys' fees and costs, all pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).[2]

---

[1] Section 515 of ERISA states, "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

[2] Section 502(g)(2) of ERISA states as follows:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of–

2

Following entry of the default, the undersigned scheduled an inquest hearing for May 25, 2010, Docket # 13, but no hearing was ever held. Rather, the Court permitted Trustees to submit papers on the issue of damages, and on July 8, 2010, Trustees filed the Declaration of Timothy Clark in Support of Application for an Award of Damages, Interest, and Costs with attached exhibits ("Clark Declaration"). Docket # 14. American Wiper did not submit any papers on the issue of damages. Thus, this report and recommendation is based solely on Trustees' submission.

## DISCUSSION

Upon the default of a party, a court must accept as true all factual allegations in the complaint, except those relating to damages. House v. Kent Worldwide Mach. Works, Inc., 359 F. App'x 206, 207 (2d Cir. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)). In determining the amount of damages to be awarded, "under Rule 55(b)(2), 'it [is] not necessary for the District Court to hold a hearing, as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment.' " Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v.

---

      (i) interest on the unpaid contributions, or
      (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
   (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. §1132(g)(2).

ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir.1989)).

Trustees have provided sufficient proof of the principal amount of Health Fund contributions sued for, $15,082.74, and the principal amount of Retirement Fund contributions sued for, $346.80, in the form of a declaration from the Collection Manager for the Health and Retirement Funds and the exhibits attached thereto, including a worksheet with the underlying calculations. See Clark Declaration & Ex. B. As detailed in the declaration, the principal amount due to the Health Fund was calculated by multiplying $295.74, representing 80% percent of the total monthly health insurance premium per employee (the contribution rate required by the collective bargaining agreement), times the number of employees employed by American Wiper each month, times the number of months of the delinquency. Clark Declaration ¶ 7 & Ex. A at 7.[3] The principal amount due to the Retirement Fund was calculated by multiplying 12 cents ($.12) per hour (the contribution rate required by the collective bargaining agreement), times the number of hours worked each month by employees covered by the collective bargaining agreement, times the number of months of the delinquency. Id. ¶ 8 & Ex. A at 8.[4] Based on Trustees' calculations, which are well-supported by the record presented, I conclude and respectfully recommend that Your Honor should conclude, that Trustees should be awarded $15,082.74 and $346.80 as the principal amounts owed to the Health Fund and Retirement Fund,

---

[3]With three employees, the monthly contribution totaled $887.22 ($295.74 x 3). Clark Declaration ¶ 7 & Ex. B. Thus, for the 17-month period from October, 2007, through and including February, 2009, contributions due and owing to the Health Fund totaled $15,082.74 ($887.22 x 17). Id.

[4]The three employees covered by the collective bargaining agreement worked a total of 361.25 hours per month. Clark Declaration ¶ 8 & Ex. B. Thus, the monthly contribution to the Retirement Fund totaled $43.35 (361.25 x $.12). Id. For the 8-month period of April, 2008, and August, 2008, through and including February, 2009, contributions due and owing to the Retirement Fund totaled $346.80 ($43.35 x 8). Id.

respectively.

Trustees also seek an award of interest on the unpaid contributions to the Health and Retirement Funds pursuant to both ERISA, 29 U.S.C. §1132(g)(2)(B), and the Agreements and Declarations of Trust of the Health and Retirement Funds. Id. ¶ 9 & Ex. C. Applying the interest rate of 1% set forth in the Agreements and Declarations of Trust of the Health and Retirement Funds, Trustees calculate that interest in the amount of $3,770.69 is owed on unpaid Health Fund contributions, and interest in the amount of $72.39 is owed on unpaid Retirement Find contributions. Once again, the Court finds that Trustees have provided sufficient proof of these amounts. See id. ¶¶ 12-13 & Ex. B. Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Trustees should be awarded $3,770.69 and $72.39 as the amounts of interest owed to the Health Fund and Retirement Fund, respectively.

Trustees state that they are entitled to interest on these principal amounts from the date on which the contributions became due and owing "to the date of Judgment." Id. ¶¶ 12-13. Thus, in order to bring the amount of interest awarded up-to-date to reflect the additional passage of time between Trustees' submission to the Court and the entry of judgment, I recommend that at the time that judgment is entered, the Clerk of the Court should be directed to calculate interest by multiplying the amount of the monthly contribution due with respect to each of the Funds – $887.22 for the Health Fund and $43.35 for the Retirement Fund – by 1% per calendar month or part thereof, times the number of months (including parts thereof) of the continued delinquency, commencing on August 1, 2010.[5] See generally Trustees of the Unite Here Nat'l Health Fund v. New Mayflower Corp., No. 08 Civ. 3788, 2009 WL 2222871, at *5 (S.D.N.Y. July 24, 2009)

---

[5]Since Trustees' submission was filed on July 8, 2010, interest for the month of July, 2010, was already included in their calculations.

5

(recommending calculation of additional interest at time judgment is entered). Such amounts of interest should be awarded in addition to those amounts already recommended herein.

Trustees likewise seek the award of liquidated damages pursuant to both ERISA, 29 U.S.C. §1132(g)(2)(C), and the Agreements and Declarations of Trust of the Health and Retirement Funds. Id. ¶¶ 14-15. Thus, with respect to both Funds, Trustees are entitled to liquidated damages in an amount equal to the greater of either the interest on the unpaid contributions, or 20% of the unpaid contributions. Since the amount of interest due to the Health Fund is $3,770.69 (plus the additional interest to be calculated by the Clerk of the Court), while 20% of the unpaid contributions due to the Health Fund is only $3,016.55, I conclude, and respectfully recommend that Your Honor should conclude, that Trustees are entitled to liquidated damages with respect to the Health Fund in the amount of $3,770.69, plus the additional interest to be calculated by the Clerk of the Court for the period from August 1, 2010, to the date of entry of judgment. Since the amount of interest due to the Retirement Fund is $72.39 (plus the additional interest to be calculated by the Clerk of the Court), while 20% of the unpaid contributions due to the Retirement Fund is only $69.36, I conclude, and respectfully recommend that Your Honor should conclude, that Trustees are entitled to liquidated damages with respect to the Retirement Fund in the amount of $72.39, plus the additional interest to be calculated by the Clerk of the Court for the period from August 1, 2010, to the date of entry of judgment.

Lastly, Trustees seek to recover $350.00 in costs, which represents the fee for filing a civil action in this Court, pursuant to both ERISA, 29 U.S.C. §1132(g)(2)(D), and the

Agreements and Declarations of Trust of the Health and Retirement Funds. Id. ¶ 16.[6] "[T]he Court's filing fee is a recoverable cost under [ERISA]." Trustees of the Unite Here Nat'l Health Fund v. New Mayflower Corp., 2009 WL 2222871, at *6 (citation omitted). Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Trustees are entitled to an award of $350.00 in costs.[7]

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Trustees are entitled to judgment against American Wiper as follows: (i) principal amount (Health Fund) – $15,082.74; (ii) principal amount (Retirement Fund) – $346.80; (iii) interest (Health Fund) – $3,770.69, plus additional interest to be calculated by the Clerk of the Court by multiplying the amount of the monthly contribution due to the Health Fund – $887.22 – by 1% per calendar month or part thereof, times the number of months (including parts thereof), from August 1, 2010, to the date of entry of judgment; (iv) interest (Retirement Fund) – $72.39, plus additional interest to be calculated by the Clerk of the Court by multiplying the amount of the monthly contribution due to the Retirement Fund – $43.35 – by 1% per calendar month or part thereof, times the number of months (including parts thereof), from August 1, 2010, to the date of entry of judgment; (v) liquidated damages (Health Fund) –

---

[6] A copy of the receipt from the Clerk of the Court for payment of the filing fee is attached as an exhibit to the Affidavit in Support of Award of Costs which was filed by Trustees on October 14, 2009. See Docket # 10; see also Docket Sheet (Entry # 1 states, "Filing Fee $350.00, Receipt Number 678852").

[7] In their prayer for relief in the Complaint, Trustees included an award of attorneys' fees, but they make no mention of attorneys' fees in their papers submitted to the Court on the issue of damages. Therefore, I make no recommendation concerning attorneys' fees and leave it to Your Honor to decide whether Trustees should be given an opportunity to make a separate fee application.

$3,770.69, plus the amount of additional interest calculated by the Clerk of the Court as set forth supra; (vi) liquidated damages (Retirement Fund) – $72.39, plus the amount of additional interest calculated by the Clerk of the Court as set forth supra; and (vii) costs – $350.00.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Paul G. Gardephe, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at the United States Courthouse at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Gardephe and should not be made to the undersigned.

Dated: December 16, 2010
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

8

The Honorable Paul G. Gardephe, U.S.D.J.

David C. Sapp, Esq.
Amalgamated Fund Administrators, Inc.
333 Westchester Avenue
North Building – Second Floor
White Plains, NY 10604

American Wiper and Supply Co.,
A Division of ABCON Enterprises Inc.
5519 West Woolworth Avenue
Milwaukee, WI 53218

The Honorable Paul G. Gardephe, U.S.D.J.

David C. Sapp, Esq.